## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ERIC ROBINSON**                                                    **CIVIL ACTION**

**VERSUS**                                                                 **NO.  14-1029**

**N. BURL CAIN, WARDEN**                                     **SECTION "E"(5)**

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).  For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.[1]

### I. Procedural history

Petitioner, Eric Robinson, is a state prisoner incarcerated at the Louisiana State Penitentiary, in Angola, Louisiana.  On October 1, 1996, he was convicted of purse snatching in violation of Louisiana Revised Statute 14:65.1.[2] On November 14, 1996, he was found to be

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.  28 U.S.C. § 2254(e)(2)(B).

[2] State Rec., Vol. 1 of 3, Docket Master entry of October 1, 1996.

a third felony offender.[3] On December 3, 1996, he was sentenced to a term of life imprisonment without benefit of parole, probation or suspension of sentence.[4]  On September 23, 1998, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.[5] The Louisiana Supreme Court denied his related writ application on October 13, 2000.[6]

On or about August 30, 2000, Robinson filed an application for post–conviction relief with the state district court.[7] That application was denied on November 17, 2000.[8]  Robinson's related supervisory writ application to the Louisiana Fourth Circuit Court of Appeal was denied on May 7, 2001.[9]  His writ application to the Louisiana Supreme Court was denied on March 15, 2002.[10]

On September 12, 2002, Robinson filed his first federal application for *habeas corpus*

---

[3] State Rec., Vol. 2 of 3, Minute entry dated November 14, 1996; *see also* State Rec., Vol. 1 of 3, Transcript of multiple bill hearing.  The State proved that Robinson had prior convictions for attempted simple burglary and first degree robbery.

[4] State Rec., Vol. 2 of 3, Minute entry dated December 3, 1996; *see also* State Rec., Vol. 1 of 3, Transcript of sentencing hearing.

[5] State Rec., Vol. 2 of 3, *State v. Robinson*, 97-KA-0460 (La. App. 4th Cir. 09/23/98), 731 So.2d 558 (unpublished opinion).

[6] State Rec., Vol. 2 of 3, *State ex rel. Robinson v. State*, 2000-KH-0507 (La. 10/13/00), 771 So.2d 644.

[7] State Rec., Vol. 3 of 3, Uniform Application for Post-Conviction Relief signed August 30, 2000.

[8] State Rec., Vol. 1 of 3, District Court Judgment denying post-conviction relief dated November 17, 2000.

[9] State Rec., Vol. 3 of 3, *State v. Robinson*, 2001-K-0701 (La. App. 4th Cir. 5/7/01).

[10] *State ex rel. Robinson v. State*, 2001-KH-1808 (La. 3/15/02), 811 So.2d 905; *see also* State Rec., Vol. 3 of 3.

relief.[11] In that application, he argued that the habitual offender sentence imposed was unconstitutional and that the life sentence he received was excessive. His application for *habeas corpus* relief was denied on the merits by Judgment entered February 20, 2004. He did not appeal that judgment.

In early 2013, Robinson filed a motion to amend his sentence with the state district court.[12] That motion was denied on March 1, 2013.[13] The state district court expressed its reasons for judgment as follows:

> This matter comes before the Court on a motion by the defendant to amend his sentence pursuant to the ameliorative provisions in La. R.S. 15:308 and 15:574.22. The ability of trial courts to re-sentence individuals as a result of this legislation was addressed by the Louisiana Supreme Court in State v. Dick, 951 So.2d 124, 2006-2223 (La. 1/26/07), and the Court held as follows:
>
>> For the foregoing reasons, we find the defendants err in their assertions that La.Rev.Stat. 15:308 provides authority for the courts to resentence offenders after their sentences have become final. The legislature did not intend, nor does La.Rev.Stat. 15:308 provide, that these offenders may seek resentencing in the courts. Moreover, allowing the courts to reduce the offenders' final sentences would, in effect, commute a valid sentence, a power the legislature knows to be constitutionally reserved to the executive branch.
>
> Accordingly, this motion is DENIED.

The Louisiana Fourth Circuit Court of Appeal denied his related supervisory writ application

---

[11] *Robinson v. Cain*, Civ. Action No. 02-2463 "E"(5) (E.D. La.). A more detailed and extensive procedural history may be found in the report and recommendation issued in that case.

[12] The State notes in its response that a copy of this motion is not contained in the state court record.

[13] State Rec., Vol. 3 of 3, District Court Judgment denying motion to amend sentence dated March 1, 2013.

on March 22, 2013.[14]  The court of appeal found "no error in the judgment of the district court denying relator's motion to amend sentence."  The Louisiana Supreme Court likewise denied relief on January 10, 2014.[15]

On April 29, 2014, Robinson filed the instant application for federal *habeas corpus* relief.[16]  He attached a copy of an order issued by the United States Fifth Circuit Court of Appeals on or about April 15, 2014.[17]  In that order, the Fifth Circuit held that his federal application for *habeas corpus* relief was not successive and that his motion for leave to file a second or successive application for a writ of *habeas corpus* challenging his 1996 purse snatching conviction and sentence was unnecessary.  The State acknowledges in its response that the instant petition therefore is not successive.[18]

The State does not contest timeliness or exhaustion of state court remedies.  However, the State argues that the petition fails to state a cognizable federal claim for *habeas* relief.[19]  For the following reasons, the Court agrees and finds that petitioner has failed to state a cognizable *habeas* claim.

---

[14] State Rec., Vol. 3 of 3, *State v. Robinson*, 2013-K-0350 (La. App. 4th Cir. 3/22/13).

[15] *State ex rel. Robinson v. State*, 2013-KH-0882 (La. 1/10/14), 131 So.3d 42; State Rec., Vol. 3 of 3.

[16] Rec. Doc. No. 3.  The State uses the earliest date appearing on the federal petition, which is found in the certificate of service.

[17] Rec. Doc. No. 3-3, *In Re: Eric Robinson*, No. 14-30114 (5th Cir. Apr. 15, 2014).

[18] Rec. Doc. No. 10, p. 5.

[19] Rec. Doc. No. 10, pp. 8-9.

## *II.  Discussion*

Under the law in effect at the time of his offense, Robinson was sentenced as a third

felony offender to a term of life imprisonment.  He alleges that subsequent amendments to the

law, however, if applied to him, would have lessened his sentence.[20]

In his petition, Robinson asserts the following grounds for *habeas* relief:

> [T]he Louisiana Courts erroneously denied his motion for
> amendment of sentence based on State's authorities that Mr.
> Robinson is not entitled by the equitable principles, and statutory
> procedure to at least have the trial court, exercise its discretion
> to re-sentence in accordance to the ameliorative penalty
> provisions made retroactively by the State Legislative, has no
> doubt created a violation of his rights pursuant to the Fourteenth
> Amendment due process clause as incorporated through the U.S.
> Constitution.[21]

Robinson's memorandum contains no further elaboration or analysis of an alleged federal due

process violation.  Rather, his discussions are devoted exclusively to state law statutory

interpretation and application.

Robinson's main contention is that he is entitled to a reduced sentence due to changes

in Louisiana law, and that the state courts erred in failing to resentence him in accord with

Louisiana Revised Statute 15:308, which ameliorated harsher sentences mandated by law

---

[20] The habitual offender statute in effect at the time provided that, if, *inter alia*, a
defendant's third or either of his two prior felonies was defined as a crime of violence (as was
Robinson's current offense and one of his predicate offenses), the penalty for the third offense
was life imprisonment without benefit of parole, probation or suspension of sentence.  *See
State v. Dickerson*, 48,308, 2013 WL 3969612, at *1 (La. App. 2d Cir. 8/2/13), *writ denied*,
2013-2162 (La. 5/16/14), 139 So.3d 1021. In 2001, the habitual offender statute was amended
to provide that a life sentence was mandated only where all three of the defendant's
convictions fell into a specific category, including being crimes of violence.  2001 La. Acts 403;
*Dickerson*, *supra*.  The provisions were to be given prospective effect only.

[21] See Rec. Doc. No. 1, Memorandum in Support, p. 3.

prior to 2001.[22] The determination of Robinson's claim, however, turns on an issue of state law which the state courts, including the Louisiana Supreme Court, have decided against Petitioner. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *see also Charles v. Thaler*, 629 F.3d 494, 500–01 (5th Cir.2011) ("Under § 2254, federal habeas courts sit to review state court misapplications of federal law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law. When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions are state law."); *Molo v. Johnson*, 207 F.3d 773, 776 n. 9 (5th Cir.2000) ("Federal habeas review does not extend to state court conclusions of state law."); *Hogue v. Johnson*, 131 F.3d 466, 506 (5th Cir.1997) (a disagreement as to state law is not cognizable on federal *habeas*). Simply put, a federal *habeas* court does

---

[22] La. R.S. 15:308, enacted by 2006 La. Acts 45, provided that the sentence reductions embraced by Act 403 were to be applied retroactively to allow "... persons who committed crimes, who were convicted, or who were sentenced..." under the stricter provisions prior to June 15, 2001 to apply to the Risk Review Panel for review under the more lenient penalty provisions, "... provided that such application ameliorates the person's circumstances." *See Normand v. Louisiana Risk Review Panel*, 47 So.3d 1045, 1046 (La. App. 1st Cir. 2010), *writ denied*, 71 So.3d 306 (La. 2011). In 2007, the Louisiana Supreme Court held that by enacting La. R.S. 15:308, the legislature required offenders seeking retroactive application of the more lenient penalty provisions to seek relief with the Louisiana Risk Review Panel, an agency of the executive branch of government, for relief in the form of nonbinding recommendations for clemency to the Board of Pardons or parole to the Board of Parole, and did not allow for resentencing by the courts. *State v. Dick*, 951 So.2d 124 (La. 2007). In 2012, the Louisiana Legislature eliminated the Louisiana Risk Review Panel entirely, repealing La. R.S. §§ 15:308(C) and 15:574.22. 2012 La. Sess. Law Serv. Act 123 (H.B. 432).

"not sit as a 'super' state supreme court" to review alleged errors of state law. *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir.1986); *see also Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir.1991). Rather, federal *habeas corpus* relief may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, mere violations of state law will not suffice. *See Engle v. Isaac*, 456 U.S. 107, 119 (1983).[23]

In light of the foregoing, Robinson's federal application should be dismissed because he has failed to present a cognizable *habeas* claim. *See Gordon v. Cain*, Civ. Action No. 12-1884, 2013 WL 3833076 (E.D. La. July 22, 2013); *Evans v. Cain*, Civ. Action No. 11-2584, 2012 WL 2565008, at *14-15 (E.D. La. March 14, 2012).

---

[23] In any event, Robinson has not established any error under state or federal law regarding his sentence. He has not shown any error by the state courts in determining that under *State v. Dick*, *supra*., any relief to which he may have been entitled must be afforded by the executive branch of government, not the judiciary. *See State v. Dickerson*, 2013 WL 3969612, at *2 ("[T]he legislature's choice to delete the statutory authority for the Louisiana Risk Review Panel cannot and does not empower the judiciary with the authority to commute or otherwise reduce a final sentence."). He has not shown that he was eligible for panel review or ever applied for such review. Furthermore, he has not identified any Supreme Court precedent or federal authority to establish a due process violation. Generally, a prisoner has no cognizable liberty interest in meaningful access to state clemency mechanisms. *McKithen v. Brown*, 626 F.3d 143, 151 (2nd Cir. 2010). Simply put: "[A] prisoner has no liberty interest with respect to any procedures available to vindicate an interest in state clemency because clemency is inherently discretionary and subject to the whim, or grace, of the decisionmaker; it is, in other words, a form of relief to which a prisoner has no right." *Id.* at 151; *Brady v. Norris*, No. 5:08cv00147, 2008 WL 5002929, at *8 (E.D. Ark. Nov. 20, 2008) (noting that a prisoner "has no federal or state liberty interest in the possibility of obtaining parole, furlough or clemency, or any type of early release, and he is thus not entitled to any due process protections in connection with diminishment of those possibilities"). Therefore, he has not shown that the state court's decision was contrary to or an unreasonable application of federal law.

**RECOMMENDATION**

**IT IS RECOMMENDED** that Robinson's application for federal *habeas corpus* relief be

**DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14)

days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United

Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[24]

New Orleans, Louisiana, this <u>17th</u> day of _____December_____, 2014.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.